**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Dwight Neil Rhone,<br>Petitioner<br>-vs-<br>Vance Laughlin, et al.,<br>Respondents. | CV-12-1808-PHX-DGC (JFM)<br><br>**Report & Recommendation On Petition<br>For Writ Of Habeas Corpus** |

## I. MATTER UNDER CONSIDERATION

Petitioner, incarcerated presently and at the time of his Petition in the Adams County Correctional Center in Washington, Mississippi, on a federal sentence, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on August 24, 2012 (Doc. 1), challenging his Arizona state conviction. On February 7, 2013, Respondents filed their Response ("Limited Answer") (Doc. 13) arguing that Petitioner is not in their custody, and has the wrong venue and respondent. Petitioner filed a Reply on May 17, 2013 (Doc. 18) arguing that he suffered collateral consequences from his Arizona judgment in the course the subsequent District of Kansas federal proceedings pursuant to which he is currently incarcerated.

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

//
//
//

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. ARIZONA PROCEEDINGS

"Police found 648.8 pounds of marijuana in two vans in the garage of a house occupied by Rhone and four other persons. They also found large quantities of the materials used to package the marijuana." (Exhibit D, Mem. Dec. at 2.) (Exhibits to the Answer (Doc. 13), are referenced herein as "Exhibit ___.") On May 11, 2007, Petitioner and the other four persons were indicted in Maricopa County Superior Court on charges of possession of marijuana for sale and possession of drug paraphernalia. (Exhibit E, Indictment.) Petitioner proceeded to trial and was found guilty as charged. (Exhibit F, Verdict.) On January 23, 2008, Petitioner was sentenced to a mitigated term of four years imprisonment for possession of marijuana for sale and a concurrent presumptive term of one year imprisonment for possession of drug paraphernalia. (Exhibit G, Sentence.)

Petitioner filed a delayed direct appeal, which was denied on March 24, 2011. (Exhibit D, Mem. Dec.) He sought review by the Arizona Supreme Court (Exhibit O, Pet. Rev.), which was denied on September 6, 2011 (Exhibit P, Order).

### B. DISTRICT OF KANSAS PROCEEDINGS

In the interim, on November 5, 2009, Petitioner and others were indicted in the U.S. District Court, District of Kansas on charges of conspiracy to distribute at least 1,000 kilograms of marijuana. (Exhibit Q, Indictment.) Petitioner was convicted at trial of the charge (Exhibit R, Verdict), and on October 31, 2011 was sentenced to a term of 73 months in prison, with a departure based upon time served in the Maricopa County case from May 2, 2007 to May 1, 2011 (Exhibit S, Sentence).

### C. PHYSICAL CUSTODY

On October 5, 2010, having been incarcerated in Arizona since his arrest on May 2, 2007, Petitioner was released by the Arizona Department of Corrections into federal

2

custody on six months community supervision. (Exhibit B, Letter.)  He successfully completed the six months "community supervision" on April 6, 2011, and was unconditionally released.

Petitioner has been in federal custody since October 5, 2010, and has been serving his federal sentence in the Adams County Correctional Center in Washington, Mississippi since November 22, 2011.  His expected release date from federal custody is January 24, 2016, although he is reportedly a Jamaican national subject to an immigration detainer.  (Exhibit A, Email.)   Adams County Correctional Center is a contracted prison facility holding federal prisons.  (Exhibit V, BOP Website.)

## D.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on August 24, 2012 (Doc. 1), challenging his Arizona conviction.  Petitioner's Petition asserts the following grounds for relief:

> (1)   The trial court violated Petitioner's constitutional right to represent himself and "rendered Petitioner's waiver of counsel not knowing, voluntary, and intelligent";
> (2)   "The trial court violated Petitioner's constitutional rights to testify and present evidence on his own behalf when it granted the state's motion to preclude all witnesses and evidence that Petitioner had not disclosed before trial";
> (3)   The trial court committed fundamental error when it erroneously instructed the jury that it could convict Petition based on co-conspirator liability; and
> (4)   The evidence demonstrated that Petitioner was merely present at a house being used for marijuana packaging and was not sufficient to convict Petition of either drug offense.

(Order 12/27/12, Doc. 8 at 2.)  Petitioner named as respondents Vance Laughlin, the warden at the Adams County Correctional Center in Washington, Mississippi, where Petitioner is presently incarcerated, and the Attorney General of the State of Arizona.

**Response** - On February 7, 2013, Respondents filed their Response ("Limited Answer") (Doc. 13).  Respondents argue that Petitioner was released from Arizona custody on April 6, 2011, and the state has fully exacted any punishment.  Respondents further argue that any habeas petition must be filed in the district in which Petitioner is

confined, citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).  Finally, Respondents argue that the named respondent is the warden of the Adams County Correctional Center, and is not an officer of the State of Arizona, and that the Arizona Attorney General's Office has no duty to represent him.

**Reply** – On May 17, 2013, Petitioner filed his Reply.  Petitioner argues that he is in custody based upon collateral consequences of his Arizona conviction, because the same evidence was used in both his state and federal convictions.  Petitioner argues that but for the ineffective assistance of counsel he would have sought review in the U.S. Supreme Court.  Petitioner argues that Arizona is the proper venue because the law extends habeas power to any district judge.  Petitioner argues that the respondent warden is a state officer and has custody of him, and therefore is the proper respondent.

### III. APPLICATION OF LAW TO FACTS

**A.  VENUE**

Aided with the explanations in Petitioner's reply, the undersigned addresses the issues in a sequence different from that suggested by the pleadings.  Venue is addressed first because it is an error, which if existent, could be resolved by transferring the case to the proper venue.

Respondents argue that any habeas petition must be filed in the district in which Petitioner is confined, citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).  In particular, Respondents cite the following portion of *Rumsfeld*: "The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." (Response, Doc. 13 at 6.)

Here, Petitioner clarifies in his Reply that he is not pursuing a "core habeas petition challenging present physical confinement," but a challenge based upon collateral consequences.  In *Rumsfeld*, Chief Justice Rehnquist clarified that the rule of the place of physical custody does not apply where the custody being challenged is not current

physical custody.  Thus, the Court's prior decision in *Braden v. 30th Judicial Circuit of Kentucky,* 410 U.S. 484 (1973) remained vital.  *Rumsfeld*, 542 U.S. at 444-445.  In *Braden*, the petitioner was in custody in Alabama, but subject to a Kentucky detainer, and filed a petition in Kentucky challenging the Kentucky detainer.  The Court found that the Kentucky district court had jurisdiction, notwithstanding the petitioner's present detention in Alabama.

The custody being challenged by Petitioner is not future custody, but the collateral consequences of his conviction in Arizona.  Still, it is not a "core habeas petition challenging present physical confinement." *Rumsfeld*, 542 U.S. at 443.  Thus, his challenge need not be brought in the District of Mississippi where he is confined.

Moreover, in *Braden* the Court observed: "The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."  410 U.S. at 494-95.   Here, according to the allegations of Petitioner, that person is not the warden in Mississippi, but officials here, in Arizona, based upon the collateral consequences of the judgment imposed in Arizona.

**B.  RESPONDENT**

Next, Respondents argue that Petitioner has improperly named the warden in Mississippi as the respondent.  The proper respondent is addressed next because it is an error, which if existent, could be resolved by an amendment to the Petition.

The Rules Governing Section 2254 cases would ordinarily be consulted to establish the proper respondent.  Rule 2 provides alternatives to two scenarios, in section (a) challenges to current custody where the custodian is to be named, and in section (b) to future custody, where the current custodian and the attorney general in the state of judgment.  Here, Petitioner challenges collateral consequences from prior custody in Arizona, and therefore neither portion of Rule 2 applies. (Indeed, Rule 1(a) clarifies that all of the rules apply only to cases of current or future custody, although 1(b) gives the district court authority to apply them to other habeas cases.)

The Advisory Committee Notes to Rule 2 lay out a series of five separate scenarios, including: (1) current physical custody under the attacked judgment; (2) probation or parole under the attacked judgment, (3) custody other than the prior two, (4) current custody but attacking judgment imposing future custody, and (5) custody other than physical restraint and attacking judgment imposing future custody.  Here, the third scenario fits.  Petitioner contends he is in "custody" because of his collateral consequences under the judgment he attacks.  Under that scenario, the Notes prescribe naming "the attorney general of the state wherein such action was taken."[1]  And, indeed, Petitioner has named the Attorney General of the State of Arizona, who has responded.

Accordingly, Respondent Laughlin should be dismissed as improperly named, and the action maintained against the Attorney General of the State of Arizona.

### C. CUSTODY

Finally, Respondent argues that the Petition must be dismissed because Petitioner was not "in custody" under the Arizona judgment at the time he filed his habeas petition.

Indeed, 28 U.S.C. § 2241(c) provides for the issuance of a writ of habeas corpus in only two situations: the prisoner is "in custody", or the prisoner is needed to testify or for trial.  Similarly, 28 U.S.C. § 2254(a) provides only for writs on "behalf of a person in custody pursuant to the judgment of a State court."

Petitioner contends that the collateral consequences of his Arizona conviction, *e.g.* the use of evidence developed in his Arizona prosecution to support his federal conviction, establish such custody.

In *Maleng v. Cook*, 490 U.S. 488 (1989), the Court reversed the Ninth Circuit and rejected the proposition that such collateral consequences can establish the kind of "custody" required to meet the mandates of §§ 2241(c) and 2254(a).  In *Maleng*, the

---

[1] Even if this Note were not binding, the Notes observe that "the judge may allow the petitioner to join an additional or different party as a respondent if to do so would serve the ends of justice."  Rules Governing Section 2254 Cases Rule 2, Advisory Committee Notes.  In this case, the Arizona Attorney General provides an effective respondent to address Petitioner's claims, and suggests no better respondent.

sentence under the challenged conviction had fully expired, but the "conviction has been used to enhance the length of a current or future sentence imposed for a subsequent conviction." 490 U.S. at 491. The Court observed that the earlier conviction might be subject to review in the course of attacking the later sentence, but it was not subject to direct attack when the sentence was already expired at the time of filing. *Id.* at 492, 494.

It is true that such collateral consequences may justify continuing an action where the sentence expires in the midst of the litigation. The collateral consequences keep the action from becoming moot (there is still relief to be granted), and "once the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on such application." *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

Here, however, jurisdiction did not attach because Petitioner's sentence was fully expired at the time he filed this action. While his alleged collateral consequence might preserve the court's jurisdiction, it cannot create it in the first instance. "[T]he Court adopted in *Maleng* a rule that collateral consequences preclude mootness, but do not satisfy the 'in custody' requirement." *Feldman v. Perrill*, 902 F.2d 1445, 1448 (9th Cir. 1990).

It is true that Petitioner might be able to raise his claims indirectly in a challenge to his federal conviction and sentence, e.g. a motion to vacate sentence under 28 U.S.C. § 2255. *See Feldman*, 902 F.2d at 1449. Arguably this Court could so construe the instant petition. But that is not the action he has filed. Nor would such an action be appropriate in the District of Arizona but must be brought in "the court which imposed the sentence," 28 U.S.C. § 2255(a), in this instance in the District of Kansas. *See Feldman*, 902 F.2d at 1450 ("motion to vacate was heard by the same district court judge who had originally sentenced him").

Accordingly, Petitioner may not maintain the instant action, and this Court cannot construe the filing into a challenge over which this Court would have jurisdiction.

Therefore, the existing Petition under 28 U.S.C. § 2254 should be dismissed with prejudice for failure to meet the "in custody" requirement.

## IV. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. To the extent that

Petitioner's claims are rejected on procedural grounds, under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling." Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Respondent Warden Vance Laughlin, be **DISMISSED**.

**IT IS FURTHER RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus, filed August 24, 2012 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that that to the extent the reasoning of this Report & Recommendation is adopted, that a certificate of appealability **BE DENIED**.

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant

1 | to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: June 24, 2013

_____
James F. Metcalf
United States Magistrate Judge

12-1808r RR 13 06 12 on HC.docx