**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dwight Neil Rhone,<br><br>         Petitioner,<br><br>v.<br><br>Vance Laughlin, et al.,<br><br>         Respondents. | No. CV-12-01808-PHX-DGC<br><br>**ORDER** |

On May 11, 2007, Dwight Neil Rhone ("Petitioner") was indicted on charges of possession of marijuana for sale and possession of drug paraphernalia. Doc. 19 at 2. Petitioner was found guilty of both crimes in Maricopa County Superior Court. *Id.* While serving his prison sentence, Petitioner was indicted in the United States District Court for the District of Kansas on charges of conspiracy to distribute at least 1,000 kilograms of marijuana. *Id.* Petitioner was also convicted of this federal crime. *Id.*

On October 5, 2010, Petitioner finished his state prison term and was released by the Arizona Department of Corrections, but placed immediately into federal prison to serve his subsequent conviction. *Id.* at 2-3. He has been serving his federal sentence in Washington, Mississippi since being released by Arizona. *Id.* at 3. On April 6, 2011, Petitioner completed Arizona's community supervision requirement. *Id.* Completion of this requirement meant that Petitioner was unconditionally released by Arizona, though he remained in federal custody. *Id.*

Petitioner filed a petition for a writ of habeas corpus on October 24, 2012, to attack the Arizona conviction. *Id.* This Court referred the case to Magistrate Judge James F. Metcalf (Doc. 4), who issued his Report & Recommendation ("R&R") on June 25, 2013. Doc. 19. Judge Metcalf made three recommendations: (1) that Respondent Warden Vance Laughlin be dismissed from the case, (2) that the petition for writ of habeas corpus be denied with prejudice, and (3) that the certificate of appealability be denied. *Id.* at 9. Pursuant to Rule 72(b)(2), Petitioner has filed written objections to the R&R's recommendations. Doc. 20. Having reviewed Petitioner's objections, the Court will accept Judge Metcalf's recommendations.[1]

## I.   Legal Standard.

A petitioner may file specific, written objections to an R&R within fourteen days after being served with a copy of the R&R. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). The Court must undertake a de novo review of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1).

## II.   Petitioner's Custody Objection.

Petitioner objects to the R&R's custody recommendation, arguing that collateral consequences allow him to attack the Arizona conviction. Doc. 20 at 4. The right to petition for a writ of habeas corpus extends to a prisoner when "he is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). The custody requirement can be fulfilled even when the petitioner is not in prison if his

---

[1] Petitioner objects to a single phrase from the R&R's recommendation on venue (Doc. 20 at 3), but Judge Metcalf's venue recommendation allowed Petitioner's claim to proceed (*see* Doc. 19 at 4-5). The Court will not consider the venue objection because the recommendation favored Petitioner.

release is "explicitly conditioned on his reporting regularly to his parole office, remaining in a particular community, residence, and job, and refraining from certain activities." *Id.* at 491. The "in custody" requirement does not extend to a petitioner whose sentence has fully expired. *Id.* (holding that a previous conviction cannot be challenged where petitioner has been released from prison and the only collateral consequence left from that conviction is the lengthening of a subsequent sentence).

Petitioner argues that collateral consequences — overlap of evidence between the state case and federal case — place him "in custody" under the Arizona conviction. Petition cites *Carafas v. Lavallee*, 391 U.S. 234, 236 (1968), but that decision was predicated on the fact that the petitioner filed the writ while still incarcerated under the sentence he sought to attack. *See Maleng*, 490 U.S. at 491. The Court held, after petitioner had been unconditionally released, that the case was not moot because he had filed the writ while in custody under the sentence he was attacking. *Id.*

In this case, Petitioner finished his Arizona prison sentence on October 5, 2010, and his sentence fully expired after completing community supervision on April 6, 2011. Doc. 19 at 3. The writ was filed August 24, 2012, when Petitioner was no longer under Arizona's control. *Id*. The claimed collateral consequence does not allow Petitioner to challenge the Arizona conviction because he was not "in [Arizona] custody" under 28 U.S.C. § 2241. Judge Metcalf's recommendation to dismiss the writ of habeas corpus is accepted.[2]

### III. Certificate of Appealability.

Petitioner argues that Judge Metcalf's recommendation to deny a certificate of appealability should not be accepted because Petitioner's constitutional rights were violated. Doc 20 at 5. A certificate of appealability can be issued only if petitioner has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing, when the district court's decision to dismiss is

---

[2] The Court will not consider whether Respondent Vance Laughlin was properly named because the custody finding is dispositive.

based on procedure, requires that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.*

The requisite "in custody" requirement needed to attack the Arizona conviction is not present, a fact with which reasonable jurists could not disagree. Accordingly, Judge Metcalf's recommendation is accepted.

**IT IS ORDERED:**

1. Magistrate Judge James F. Metcalf's Report & Recommendation (Doc. 19) is **accepted**.
2. Petitioner Dwight Neil Rhone's Petition for Writ of Habeas Corpus (Doc. 1) is **denied**.
3. A certificate of appealability is **denied**.
4. The Clerk of Court shall **terminate** this action.

Dated this 26th day of July, 2013.

David G. Campbell
United States District Judge